UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

DESIREE ANN PEPIN,                                    No. 19-10325 ta7

     Debtor.

NICOLE W. MOSS and
KARI T. MORRISSEY,

     Plaintiffs,

v.                                                     Adv. No. 19-1038-t

DESIREE ANN PEPIN,

     Defendant.

## **OPINION**

Before the Court is defendant Desiree Pepin's motion to set aside a default judgment against her because she was never properly served with process. She also asks the Court to dismiss the adversary proceeding because the complaint was not served by the deadline in the rules of civil procedure. Plaintiffs Nicole Moss and Kari Morrissey respond that they have diligently tried to serve Pepin, that Pepin has evaded service, that they finally served Pepin by mail, and that Pepin and her counsel have been aware of the proceeding for some time. The Court concludes that the default judgment must be set aside because of improper service of process. Rather than dismissing the adversary complaint, however, the Court will allow Moss and Morrissey additional time to serve Pepin.

## I. FACTS[1]

Solely for the purpose of ruling on the motion, the Court finds:

Pepin filed this chapter 7 bankruptcy case on February 15, 2019.[2] Her bankruptcy lawyer was Michael Daniels. On March 14, 2019, less than one month after the bankruptcy case was filed, Moss and Morrissey filed this adversary proceeding. The complaint has a single count, titled "non-dischargeable debt incurred by false pretenses, false representations, or actual fraud." In the complaint Moss and Morrissey allege:

- Moss and Morrissey are criminal defense attorneys;
- Pepin hired them to defend her against charges of felony embezzlement and forgery brought by the state of New Mexico;
- Pepin signed a contract to pay Plaintiffs $15,000 for their representation;
- Pepin paid $9,000 by credit card;
- Moss and Morrissey started work on Pepin's defense;
- After representing Pepin for eight months, Moss and Morrissey moved to withdraw as her counsel because of "irreconcilable difference and a deterioration in the attorney-client relationship."
- The state court judge allowed Moss and Morrissey to withdraw;
- Pepin thereupon claimed that the credit card transaction was unauthorized and asked that the $9,000 charge be reversed;
- The credit card company obliged and withdrew over $9,000 from Moss and Morrissey's trust account;
- Pepin's action was fraudulent; and
- Pepin's $15,000 obligation to Moss and Morrissey, plus interest, should be declared nondischargeable under § 523(a)(2).[3]

The Court issued a summons on March 18, 2019; an alias summons on May 7, 2019; and a second alias summons on June 19, 2019. Each included a notation requiring Moss and Morrissey

---

[1] The Court took judicial notice of the docket in the main case and this adversary proceeding. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may sua sponte take judicial notice of its docket); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir. 1999) (same).

[2] Pepin received a discharge on May 30, 2019. The case was closed the same day.

[3] All statutory references are to 11 U.S.C.

to serve the summons and a copy of the complaint within seven days of issuance and file a certificate of service with the Court.

On September 10, 2019, Plaintiffs filed a certificate of service that, on July 8, 2019, a copy of the adversary complaint and alias summons "was served upon Desiree Pepin to her address of record via Certified Mail and was received on July 9, 2019."

On October 18, 2019, Plaintiffs filed an application for default, seeking the clerk's entry of default pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7055. Attached to the application is an affidavit of Moss and Morrissey's counsel, describing his attempts to serve Pepin by personal service and certified mail. The clerk did not enter Pepin's default, likely because there was a question about the validity of service of process.

On November 21, 2019, Moss and Morrissey filed a motion for default judgment. The Court did not rule on the motion. Instead, on December 19, 2018, the Court issued a third alias summons.

On January 2, 2020, Moss and Morrissey filed a certificate of service stating that they served the complaint and third alias summons on Pepin by first class mail on December 20, 2019 (one day after it was issued).

Pepin never answered the complaint. Moss and Morrissey filed a renewed motion for default judgment on February 5, 2020, again reciting counsel's numerous attempts to serve Pepin, including service by mail on December 20, 2019.

On February 10, 2020, the Court held a scheduling conference. Marshall Ray appeared for Moss and Morrissey. Pepin did not appear.

On February 13, 2020, the Court entered an Order Granting Plaintiffs' Motion for Default Judgment Against Desiree Ann Pepin (the "Default Judgment"), giving Moss and Morrissey a

money judgment of $15,000 "plus applicable interest" and declaring the judgment amount nondischargeable.

On February 24, 2020, Mr. Daniels entered his appearance for Pepin. On the same day, Pepin filed the motion now before the Court.

## II.    DISCUSSION

A.    The Default Judgment Must be Set Aside.

1.    Service of Process Was Defective. Bankruptcy Rule 7004 governs service of process in adversary proceedings. The rule provides in part:

**(a) Summons; service; proof of service**

(1) Except as provided in Rule 7004(a)(2), Rule 4(a), (b), (c)(1), (d)(5), (e)-(j), (*l*), and (m) F.R.Civ.P. applies in adversary proceedings. Personal service under Rule 4(e)-(j) F.R.Civ.P. may be made by any person at least 18 years of age who is not a party, and the summons may be delivered by the clerk to any such person.

(2) The clerk may sign, seal, and issue a summons electronically by putting an "s/" before the clerk's name and including the court's seal on the summons.

**(b) Service by first class mail**

. . . service may be made within the United States by first class mail postage prepaid as follows:

(1) Upon an individual other than an infant or incompetent, by mailing a copy for the summons and complaint to the individual's dwelling house or usual place of abode[.]
. . . .

(8) Upon any defendant, it is also sufficient if a copy of the summons and complaint is mailed to an agent of such defendant authorized by appointment or by law to receive service of process at the agent's dwelling house or usual place of abode or at the place where the agent regularly carries on a business or profession and, if the authorization so requires, by mailing also a copy of the summons and complaint to the defendant as provided in this subdivision.

(9) Upon the debtor, after a petition has been filed or served upon by the debtor and until the case is dismissed or closed, by mailing a copy of the summons

and complaint to the debtor at the address shown in the petition or to such other address as the debtor may designate in a filed writing.
. . . .

**(g) Service on Debtor's attorney**

If the debtor is represented by an attorney, whenever service is made upon the debtor under this Rule, service shall also be made upon the debtor's attorney by any means authorized under Rule 5(b) of F.R. Civ. P.

Federal Rule of Civil Procedure ("Rule") 4(e), which is incorporated by Bankruptcy Rule 7004(a), allows service of process by following state law for serving process for state courts.

Finally, Rule 4(m), also applicable by operation of Bankruptcy Rule 7004(a), provides:

**Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

It does not appear that Moss and Morrissey were able to serve Pepin in accordance with the New Mexico rules.[4] However, Moss and Morrissey properly served Pepin by first class mail on or about December 20, 2019.

Nevertheless, there are two problems with the current status of service of process. First, Bankruptcy Rule 7004(g) requires that when process is served on a debtor, a copy must served on debtor's counsel "by any means authorized under Rule 5(b) F.R.Civ.P." Moss and Morrissey did not serve Mr. Daniels, so service was defective. *See, e.g., United States Escrow v, Bloomingdale (In re Bloomingdale)*, 137 B.R. 351, 354 (Bankr. C.D. Cal. 1991) (plaintiff required to serve debtor's counsel to effect valid service); *Ingerman v. Shapiro (In re Shapiro)*, 265 B.R. 373, 378 (Bankr. E.D.N.Y. 2001) (citing *Bloomingdale* with approval but distinguishing it); *Sanghui v.*

---

[4] *See* Rule 1-004 (F) of the New Mexico Rules of Civil Procedure for the District Courts.

*Alpha Omega Travel, Ltd. (In re Terzian)*, 75 B.R. 92, 9253 (Bankr. S.D.N.Y. 1987) (for effective

service, debtor's counsel must be served); *Waterman v. Zacharias (In re Zacharias)*, 60 B.R. 142,

143 (Bankr. N.D. Ohio 1986) (same); *Drier v. Love (In re Love)*, 232 B.R. 373, 377 (Bankr. E.D.

Tenn. 1999); *Longmeadow Motor Company, Inc. v. Heinz (In re Heinz)*, 131 B.R. 38, 41 (Bankr.

D. Md. 1991) (numerous attempts to serve debtors were ineffectual because debtor's counsel was

not served). The unusual requirement to serve debtor's counsel has led some attorneys—even those

versed in bankruptcy procedure—to fail in their efforts at good service. *See, e.g.*, *Love*, 232 B.R.

at 381; *In re Bloomingdale*, 137 B.R. at 354-55.

Second, by the time Pepin was finally served by mail, the deadline for serving the

complaint, i.e. 90 days after filing, had long expired. Service of a stale complaint gives the

defendant the right to file a motion to dismiss the proceeding. Rule 4(m).

2.  <u>A Default Judgment Entered After Ineffective Service of Process is Void</u>. Courts

that have considered the issue have uniformly held that "a bankruptcy court lacks power to enter

a default judgment unless the plaintiff serves both the debtor and the debtor's attorney . . . in accord

with the formal procedure mandated by Rule 7004." *In re Cutuli*, 389 F. Supp. 3d 1051, 1057

(M.D. Fla. 2019) (collecting cases). This is because absent "effective service of process, a court

lacks personal jurisdiction over the defendant and lacks the power to enter judgment." *Id.*, (citing

*In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1298-1301 (11th Cir. 2003). A default judgment

entered without personal jurisdiction over the defendant is void. *Niemi v. Lasshofer*, 770 F.3d

1331, 1347 (10th Cir. 2014).[5]

---

[5] The result appears to be different if the only defect in service is that the complaint is stale. *See, e.g., Corestates Leasing, Inc. v. Wright-Way Exp., Inc.*, 190 F.R.D. 356, 357-58 (E.D. Pa. 2000), citing *Pusey v. Dallas Corp*, 938 F.2d 498 (4th Cir. 1991) (court denied defendant's motion to set aside a default judgment because the complaint was stale, ruling that by failing to answer the complaint or file a Rule 12(b) motion, defendant waived its rights under Rule 4(m)).

Rule 60(b)(4), made applicable by Bankruptcy Rule 9024, gives a mechanism for setting aside a void judgment. The rule provides "[o]n motion and just terms, the court may relieve a party . . . from a final judgment [or] order [if] the judgment is void." Although framed as a matter of discretionary authority, vacating a void judgment under Rule 60(b)(4) is mandatory. *See V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 n.8 (10th Cir. 1979) ("If voidness is found [under Rule 60(b)(4)], relief is not a discretionary matter; it is mandatory."). In her motion, Pepin invokes Rule 60(b) as grounds for her request that the Default judgment be set aside. The Default Judgment is void and must, accordingly, be set aside.

B.     The Motion to Dismiss Must be Denied.

"When a court vacates a judgment, the legal status of the case is the same as if the order had never been entered." *Miller v. Cappuccilli (In re Cappuccilli)*, 193 B.R. 483, 490-91 (Bankr. N.D. Ill. 1996). Further, "until service is completed, an action remains pending in an inchoate state." *Id.* at 491 (citing *Terzian*, 75 B.R. at 925). Here, the complaint has yet to be properly served and is far past its 90-day "serve by" deadline. Based on these facts, Pepin asks the Court to dismiss the proceeding under Rule 4(m).

1.     There is good cause for the failure of timely service. Although Rule 4(m) imposes a 90-day limit on serving a complaint, after which the Court "must dismiss the action without prejudice . . . or order that service be made within a specified time," the Rule goes on to provide that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Plaintiffs allege, bolstered by a supporting affidavit from their counsel, that Pepin evaded service. Pepin did not dispute the allegation. Evading service constitutes good cause to extend the service deadline. *See* 48 Wright & Miller, Federal Practice and Procedure § 1137 (4th ed.), n.6 and

accompanying text ("good cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of . . . the defendant evad[ing] service of the process . . . ;" *see also* Rule 4(m), 1993 Advisory Committee Note ("Relief may be justified . . . if the defendant is evading service . . . .").

Once good cause is shown, "the court must extend the time for service for an appropriate period." Rule 4(m); Wright & Miller, § 1137, n.22 and accompanying text ("the text of Rule 4(m) makes clear that when the plaintiff establishes good cause the district court must extend the time for service and does not have the discretion to dismiss the complaint."). Here, Moss and Morrissey have shown good cause for their failure to timely serve the complaint, so the Court must extend the service deadline.

2.    <u>Even without good cause, the Court has discretion to extend the service deadline.</u> The majority rule is that a showing of good cause is not required for the Court to extend the service deadline set by Rule 4(m). *See, e.g.,* 48 Wright & Miller, § 1137, n.13 and accompanying text ("the overwhelming majority of federal courts and dicta from the Supreme Court embrace the view that a district court has discretion under Rule 4(m) to dismiss a complaint or to allow the plaintiff to cure a defect in service of process even in the absence of good cause"); 1993 Advisory Committee Note to Rule 4(m) ("the new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown").

If dismissal would extinguish the claim because of a statute of limitations problem, the Court should exercise its discretion and extend the service deadline. *See, e.g.,* 1993 Advisory Committee Note to Rule 4(m) ("Relief may be justified . . . if the applicable statute of limitation would bar the refiled action"); *Florence v. Decker*, 153 Fed. Appx. 478, 480 (10th Cir. 2005) (if dismissal would be, in effect, with prejudice because of a bar to refiling, "the court must explain

why it imposed the extreme sanction of dismissal"); 48 Wright & Miller § 1137, n.25 (collecting cases); *Love*, 232 B.R. at 378–79 ("Rule 4(m) . . . has been construed . . . liberally by bankruptcy courts, especially where . . . the plaintiff would be time-barred from filing a new action"); *see generally Barrazo v. Carter (In re Carter)*, 516 B.R. 638, 644–45 (Bankr. D.N.M. 2014), quoting *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n. 2 (10th Cir. 1983) ("when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.").

Here, Moss and Morrissey would not be able to refile their nondischargeability action if the Court were to dismiss the current proceeding; the deadline to file such actions was May 14, 2019. *See* Bankruptcy Rule 4007(c).

3. <u>No prejudice</u>. Moreover, Pepin has neither demonstrated nor argued that she was prejudiced by the delay in service. Without a showing of prejudice, the Court has little reason to deny Moss and Morrissey additional time to serve the complaint. *See, e.g., Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994) ("[T]echnical defects do not justify dismissal unless a party is able to demonstrate actual prejudice.").

4. <u>Deciding disputes on the merits</u>. Finally, Pepin argued in her motion to set aside the default judgment that "the law favors the hearing of matters on the merits." The Court agrees. *See, e.g., Pena v. Seguros La Comercial, S.A.,* 770 F.2d 811, 814 (9th Cir. 1985) ("Whenever it is reasonably possible, cases should be decided upon their merits"); *Medunic v. Lederer*, 533 F.2d 891, 893-94 (3d Cir. 1976) ("a standard of 'liberality,' rather than 'strictness' should be applied in acting on a motion to set aside a default judgment, and that '(a)ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits'"); *Kotlicky v. U.S. Fidelity & Guar. Co.,* 817 F.2d 6, 9 (2d Cir. 1987) ("the policy in favor of hearing

... claims on the merits is preeminent."). Giving Moss and Morrissey additional time to serve their complaint would allow this matter to be decided on the merits.

In sum, there is "good cause" to extend the service deadline, and the Court would exercise its discretion to do so even without good cause.

III.    <u>CONCLUSION</u>

Pepin has never been properly served, so her motion to set aside the default judgment must be granted. On the other hand, there is "good cause" under Rule 4(m), and there are other good reasons, to extend the deadline for Moss and Morrissey to serve their complaint. By a separate order, the Court will grant Pepin's motion to set aside the default judgment, deny the motion to dismiss, and set a deadline for proper service of process. A new alias summons shall be issued.

Hon. David T. Thuma
United States Bankruptcy Judge

Entered: April 27, 2020
Copies to: counsel of record